# Hatton et al. v. Allen, Special Deputy Banking Commissioner.

(Decided May 4, 1937.)

LEEBERN ALLEN for appellants.

G. C. ALLEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

The Hazel Green Bank, a Kentucky banking corporation, located at Hazel Green, Wolfe county, Ky., became insolvent and in June, 1931, J. C. Lindon was appointed special deputy banking commissioner and took charge of the bank as liquidating agent, and acted in that capacity until his death in 1933, when G. C. Allen was appointed deputy banking commissioner and

took charge of the bank and has been acting as liquidating agent for the bank since said time.

In July, 1935, the appellants, who were the plaintiffs below, filed this suit in the Wolfe circuit court seeking to recover of G. C. Allen, as special banking commissioner and liquidating agent of the bank, the sum of $300, which sum they allege they paid to J. C. Lindon as a part of the purchase price of a farm which they contracted to buy of the bank.

After setting out the formal and preliminary matters as indicated above, they state their cause of action as follows:

"Plaintiff says that prior to the death of J. C. Lindon, and after he was appointed Commissioner of said Bank as aforesaid that these plaintiffs contracted to buy from it a farm in Wolfe County, Kentucky at the agreed price of $1000.00, said farm known as the J. H. Wilson farm, and that on the purchase price of said farm they paid to the said J. C. Lindon the sum of $300.00, sometime in the month of March, 1933, but that said farm was never conveyed to them or to their order and that at the time of said deed was to be made they were willing and able to pay, and ready to pay the remainder of the purchase price thereof, and the defendant failed and refused to convey said lands to them, and has ever since said time failed and refused so to do, and that by reason thereof they are now entitled to recover of the defendant the sum of $300.00 together with 6% interest thereon from the—— day of March, 1933, until paid and the cost of this action. They say that they have a written writing from the said J. C. Lindon, in his hand writing showing that they paid the $300 on said lands and that the same is filed herewith, and made a part hereof and marked exhibit No. 1, and that they have demanded payment of said sum from said defendant and that it failed and refused to pay same or any part thereof, and still failed and refuses so to do, and that the entire sum together with legal interest is just due and owing to them, and no part of same has ever been paid.

"Wherefore, the plaintiff, Dora Hatton and Noah Hatton pray Judgment of the Court against

the Defendant G. C. Allen, Special Deputy Banking and Securities Commissioner in charge of the Hazel Green Bank for the sum of $300.00, together with 6% interest thereon from the —— day of March, 1933, until paid and the cost of this action, that said Special Commissioner be, by orders and Judgment of this Court, required, forced and compelled to pay over to these plaintiffs, out of the funds in his hands as such commissioner said sum of money, together with the legal interest thereon from said date and the cost of this action, they pray, for their costs herein, and for all legal, special, general, equitable and proper relief.''

The defendant filed a general demurrer to the petition which was sustained by the court and plaintiffs declining to plead further, their petition was dismissed. This appeal follows.

The sole question presented on this appeal is whether the petition stated a cause of action.

In brief of appellants it is insisted that defendant having demurred to the petition it thereby admitted that all the facts set out therein are true, and that the admitted facts are sufficient to state a cause of action.

It may be conceded that the language used in the petition is somewhat inapt and the allegations might have been more clear and definite, but it must not be overlooked, that substance, not form, is the test of a pleading. Plaintiffs allege that J. C. Lindon was appointed special deputy banking commissioner and took charge of the defunct institution and that they contracted to buy from ''it'' (meaning the bank) a farm in Wolfe county, Ky., and pursuant to that contract they paid to J. C. Lindon the sum of $300 and that Lindon signed a writing showing that plaintiffs paid to him that sum and that the contract was not performed, ''and that they have demanded payment of said sum from said defendant and that it (meaning the bank) failed and refused to pay same or any part thereof, * * * and that the entire sum together with legal interest is just due and owing to them. * * *'' In the prayer of the petition they prayed judgment against ''the defendant G. C. Allen, Special Deputy Banking and Securities Commissioner in charge of the Hazel Green Bank. * * *''

In brief of appellee it is insisted, among other

things, that the court properly sustained the demurrer to the petition because the writing signed by J. C. Lindon evidencing the payment of the $300 was signed by Lindon personally and not as special deputy banking commissioner. The writing does not appear in the record but it is alleged that such writing was signed by Lindon, which was admitted by the demurrer, and in brief of appellee the writing "filed with the petition" is referred to and no question is raised about the writing not being in the record, and it is admitted by the demurrer that J. C. Lindon received of the plaintiffs the sum of $300 and signed a writing evidencing the receipt of said sum. True it is that plaintiffs do not specifically allege that J. C. Lindon signed the writing in his representative capacity as special deputy banking commissioner. But in determining the sufficiency of a pleading it will be considered as a whole, but not measured by any isolated part. We think that once the petition is considered as a whole, the meaning and substance of it is that J. C. Lindon received $300 of plaintiffs' money in his capacity as liquidating agent or commissioner of the bank.

It is the further contention of the appellees that the petition was defective because the banking commissioner had no authority to make a private sale of the bank's property without an order of court and, that it is not alleged that the bank was the owner of the farm in question or that it could have conveyed the land. If this were an action for specific performance of the alleged contract, a different question would be presented. But it must not be overlooked that this is an action to recover of the bank money which it received and for which plaintiffs have received no consideration. If it be conceded that the bank did not own the farm or had no right to convey it pursuant to the alleged contract, then it would be a case of failure of consideration, and all parties should be restored to status quo.

Once all the allegations of the petition are considered as a whole we think it stated a cause of action and the court erred in sustaining the demurrer thereto.

Wherefore, the judgment is reversed and remanded for proceedings consistent with this opinion.